UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN RAINWATER,<br><br>Plaintiff,<br><br>v.<br><br>PAM AHLIN, et al.,<br><br>Defendants. | CASE NO. 1:18-cv-00049-MJS (PC)<br><br>**NOTICE OF HEARING**<br><br>(ECF No. 5)<br><br>**ORDER DIRECTING CLERK TO SEND COPIES OF THIS ORDER TO DEFENDANTS AHLIN AND PRICE AND THEIR COUNSEL** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint alleges constitutional violations arising from the prohibition and potential confiscation and destruction of certain electronic devices, including digital storage devices identified in recent emergency amendments to Cal. Code Regs. tit. 9, § 4350 (hereinafter Regulation 4350).

Plaintiff has requested interim injunctive relief ("TRO") against implementation of portions of Regulation 4350. (ECF No. 5). In response, the Court invited not-yet-served Defendants to respond to Plaintiff's request for such relief. (ECF No. 11.) Defendants did so. (ECF No. 12.) The Court found Defendants' response enlightening, but it also raised

| | |
|---|---|
| 1 | additional questions the Court would like answered before it proceeds in this case (one |
| 2 | of several virtually identical cases). |
| 3 | Accordingly, the Court will conduct an evidentiary beginning at 9:00 AM, March |
| 4 | 22, 2018, in Courtroom 6, 2500 Tulare Street, Fresno, and continuing until concluded. |
| 5 | The hearing will be limited to the following issues: |

1) With regard to the plans by the California Department of State Hospitals (DSH) to maintain and provide detainee access to stored legal files (as described in Defendants' Opposition to Plaintiff's Motion for a Temporary Restraining Order (ECF No. 12 at 14 & 15), and in the Declaration of Brandon Price in support of that Opposition (ECF No. 12-2, paras. 16 – 19), how and when will files proposed for storage be scanned, transferred to a state device, and made accessible to detainees under supervision and what procedures will detainees have to gain such access under supervision?

2) What is the basis for DSH's determination that it is appropriate for a detainee to maintain in his cell thirty legally purchased commercial CDs and DVDs, but no more than that?

3) What electronic gaming devices, if any, are allowed to be kept by a detainee and how did DSH determine which electronic games may be allowed and which may not?

Named Defendants and their representatives and others Defendants believe may be most knowledgeable on the above issues are invited to attend and present evidence. Plaintiff will be produced for the hearing.

The Clerk of Court is directed to mail a copy of this order to the following addresses:

Pam Ahlin
Department of Mental Health
Room 151
1600 9th Street
1600 9th Street
2

Sacramento, CA  95814

and

Brandon Price, Director
Department of State Hospitals – Coalinga
24511 West Jayne Avenue
P.O. Box 5000
Coalinga, CA  03210-5000

and

Lisa Anne Tilman
Office of the Attorney General, State of California
Suite 125
1300 "I" Street
Sacramento, CA  94244-2550

IT IS SO ORDERED.

Dated: __March 6, 2018__    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

3