1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN RAINWATER, | Case No. 1:18-cv-00049-LJO-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTIONS FOR COURT ORDERS |
| v. | |
| PAM AHLIN, et al., | (ECF Nos. 8 & 9) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff John Allen Rainwater, a civil detainee, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are Plaintiff's two motions for court orders, filed on February 15, 2018. (ECF Nos. 8 & 9.) The Court construes Plaintiff's motions for court orders as requests for a preliminary injunction.

## I.

## INTRODUCTION

Plaintiff's complaint was screened on February 14, 2018, and Plaintiff was directed to either notify the Court that he is willing to proceed on the claims found to be cognizable in the screening order, notify the Court that he wishes to stand on his complaint, or file an amended complaint. (ECF No. 6.) In the screening order, the Court found that Plaintiff's complaint states cognizable

substantive due process claims against Defendants Pam Ahlin, Director of California Department of State Hospitals ("DSH"), and Brandon Price, Director of Coalinga, ("Defendants") in their official capacities in relation to the potential prohibition, confiscation, and destruction of certain electronic devices, manufactured CDs/DVDs, and scanned digital documents under regulations promulgated by DSH.

## II.

### DISCUSSION

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

The pendency of this action does not give the Court jurisdiction over DHS officials in general. See Summers v. Earth Island Institute, 555 U.S. 488, 491-493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. See Summers, 555 U.S. at 491-493; Mayfield, 599 F.3d at 969.

Here, Plaintiff states in his motions that he is unable to buy postage stamps. However, he can make a "mail out appointment." Plaintiff requests that Defendants establish a way for civil detainees to electronically file documents with courts or provide adequate postage during lockdowns and times when postage cannot be sold. Plaintiff seeks an order requiring Defendants to allow Plaintiff to purchase postage stamps or provide free postage for Plaintiff's mail to courts and attorneys. Plaintiff also seeks an order requiring Defendants to give Plaintiff access to the law library or a law research computer he can access in his unit; access to patients in other units to help

with assistance in legal matters; access to a copying machine or provide Plaintiff with a copying machine in his unit; and allow legal appointments or provide in his unit an accurate weight machine and tracking number stickers for envelopes. In addition, Plaintiff wants Defendants to establish a way for civil detainees to have PACER accounts or provide a printout of an individual's PACER information.

Plaintiff's requested relief in his motions is not related to the relief he seeks in his complaint. The Court does not have jurisdiction over DSH generally merely based on the pendency of this action. Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The equitable relief requested herein is not sufficiently related to Plaintiff's underlying legal claims to satisfy the requirements for a preliminary injunction. Therefore, the Court will recommend that Plaintiff's motions for court orders be denied.[1]

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1]To the extent that Plaintiff's motion could be construed as a request to allow him to file documents electronically, the Court finds that it should be denied. Pursuant to the Local Rules of the Eastern District of California , a pro se party shall file and serve paper documents as required by the Rule. Local Rule 133(a). A party appearing pro se may request an exception to the paper filing requirement from the court by filing a stipulation of the parties or by motion. Local Rule 133(b)(2), (3).

In this instance, Plaintiff has alleged that he does not have access to a computer or the internet, so the Court finds no reason to grant Plaintiff's request to allow him to file documents electronically. Therefore, there are no circumstances presented to warrant the exception to the Local Rule requirement that Plaintiff file paper documents.

**III.**

**RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions for court orders (ECF Nos. 8 & 9) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**April 6, 2018**__

UNITED STATES MAGISTRATE JUDGE